[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12701
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00059-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON DIXON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 26, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Sharon Dixon, proceeding *pro se*, appeals the district court's denial of her

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Ms. Dixon argues

that the court should have reduced her sentence because the Fair Sentencing Act

(FSA) amended the advisory guidelines range and the mandatory statutory minimum applicable to her. Having considered the parties' briefs and the record, we affirm.

## I.

Ms. Dixon pled guilty to one count of conspiring to possess crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). The presentence investigation report held her accountable for 4.2 kilograms of crack cocaine, which made her base offense level at her 2006 sentencing hearing 38. After a 4-level enhancement for her leadership role, a 2-level enhancement for using a minor in the offense, and a 3-level reduction for accepting responsibility, her adjusted offense level became 41. Ms. Dixon had a criminal history category of I, which resulted in an advisory guidelines range of 324 to 405 months for the drug conspiracy count. Because of a prior drug conviction, however, she also faced a mandatory minimum sentence of 20 years on that count. The firearm count carried a mandatory, and consecutive, 60-month sentence.

The district court sentenced Ms. Dixon to 360 months on the drug conspiracy count and 60 months on the firearm count, for a total of 420 months. The government then filed a substantial-assistance motion, and the court reduced

Ms. Dixon's sentence on the drug conspiracy count to 120 months—a third of her original sentence on that count and half of the mandatory minimum. The court did not alter her 60-month sentence on the firearm count, so her new total sentence became 180 months.

In 2009, with the assistance of counsel, Ms. Dixon filed a § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines. She noted that Amendment 706 had lowered her base offense level from 38 to 36, which gave her a total offense level of 39 and an advisory guidelines range of 262 to 327 months on the drug conspiracy count. Although her 180-month total sentence was below the new advisory guidelines range, Ms. Dixon requested an even lower sentence.

In its opposition to her motion, the government agreed that Amendment 706 would reduce Ms. Dixon's base offense level to 36 and her guidelines range to 262 to 327 months. But it highlighted the fact that the court had already cut her sentence from 35 years to 15 years—a 20-year reduction—based on substantial assistance. It argued that she should not receive a further reduction because her prior drug felony and her actions during the crimes leading to the original sentence (her use of weapons, leadership role, and corruption of a minor) indicated that the 20-year reduction she had already received was adequate.

The district court denied the motion, finding "a further sentence reduction . . . not warranted" because Ms. Dixon was "highly culpable (receiving a 4 level role

3

adjustment)" and had "previously received a significant reduction." Ms. Dixon did not appeal that ruling.

In 2011, Ms. Dixon filed a *pro se* § 3582(c)(2) motion based on Amendment 750. She again argued that the advisory guidelines range applicable to her had changed and that the court should reduce her sentence. The government once again opposed Ms. Dixon's motion, this time contending that she was not eligible for a reduction because Amendment 706 had already lowered her base offense level to 36 and, based upon the drug quantity for which she was held responsible, Amendment 750 did not lower it any further. The government also renewed its argument that, regardless of her eligibility for a further reduction, Ms. Dixon did not deserve one because she was highly culpable. Although the government failed to so explain in its opposition, the fact that Ms. Dixon's base offense level remained at 36 even after Amendment 750 also meant that her advisory guidelines range for the drug conspiracy count remained at 262 to 327 months—the same as it was after Amendment 706. Recognizing this, the district court found that Amendment 750 had not changed Ms. Dixon's guidelines range, and it denied her second § 3582(c)(2) motion.

## II.

"We review *de novo* a district court's conclusion that a defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)." *United States v.*

4

*Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

Ms. Dixon continues her argument in broader terms on appeal, contending that the FSA amended the advisory guidelines range and mandatory statutory minimum applicable to her. The government maintains that Amendment 750 did not lower either Ms. Dixon's guidelines range or, because it was enhanced by her prior drug crime, her mandatory minimum; thus, it argues, the district court had no authority to reduce Ms. Dixon's sentence. We agree with the government.

Although Amendment 706, upon which Ms. Dixon based her first § 3582(c)(2) motion, lowered her advisory guidelines range, Amendment 750 affected neither her guidelines range nor her statutory minimum. And where an amendment "does not have the effect of lowering the defendant's applicable guideline range," the district court "is not authorized under 18 U.S.C. § 3852(c)(2)" to reduce her sentence. U.S.S.G. § 1B1.10(a)(2)(B). *See also United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) (affirming denial of § 3852(c)(2) motion because appellant's "guideline range was not lowered by Amendment 750"). Thus, while the district court could have reduced her sentence had it deemed a reduction warranted when Ms. Dixon requested one based on Amendment 706, the court could not do so based on Amendment 750. *See, e.g.*, *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) ("Given that h[er] sentencing range did not change, the district court correctly recognized that it had

5

no authority under § 3582(c)(2) to reduce [the defendant's] sentence."). The court was therefore correct in finding that because Amendment 750 had not changed Ms. Dixon's guidelines range, she was not eligible for a sentence reduction based on that amendment.

Ms. Dixon's suggestion that she was eligible for a sentence reduction based on the FSA, which amended certain statutory minimum sentences and took effect in 2010, is similarly incorrect. As we recently explained, the FSA "is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction . . . ." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). We also recognized that "the FSA does not apply retroactively to" defendants "who were sentenced long before [its] effective date." *Id.* Even if Ms. Dixon were permitted to bring her FSA claim in a § 3852(c)(2) motion, then, the Act would not entitle her to a sentence reduction because she was originally sentenced in 2006, four years before the FSA took effect. *See id.* at 377-78.

Because neither Amendment 750 nor the FSA authorized the district court to reduce Ms. Dixon's sentence, the court did not err in denying her current § 3852(c)(2) motion.[1]

---

[1] Because we conclude that neither Amendment 750 nor the FSA entitled Ms. Dixon to a sentence reduction, we do not address her arguments regarding the proper method by which to calculate her new sentence or the importance of equal treatment among codefendants when considering the relevant § 3553(a) factors.

## III.

The district court's denial of Ms. Dixon's § 3852(c)(2) motion for a sentence reduction is affirmed.

**AFFIRMED.**